JACOB REYNOLDS, Administrator, etc., Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

In an action to recover damages for the negligent killing of plaintiff's intestate, the evidence showed that he was an intelligent lad, thirteen years of age, who lived near defendant's road, which he crossed daily in going to and returning from school. He was conversant with the road and the manner of running the trains; the tracks (of which there were two) crossed the highway nearly at right angles. Upon the day of his death the boy was last seen going from school at noon, toward the tracks, and about 100 feet therefrom; a moment thereafter two trains, going in opposite directions, passed each other at the crossing; after the passage of the trains, he was found dead in the cattle guard, between the tracks. At a point in the highway, ten feet from the crossing, the engine of the train by which, as the circumstances indicated, the deceased was killed, could have been seen 750 feet distant. It was a fair day, with but little wind. As the evidence tended to show, no bell was rung or signal of the approach of the train, by which he was killed, was given. *Held*, that the proof was insufficient to sustain a verdict for plaintiff, as it did not warrant a finding that there was no negligence on the part of the deceased.

*Reynolds* v. *N. Y. C. and H. R. R. R. Co.* (2 N. Y. S. C. [T. & C.], 644) reversed.

(Argued June 5, 1874; decided September 22, 1874.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, affirming a judgment in favor of plaintiff entered upon a verdict. (Reported below, 2 N. Y. S. C. R. [T. & C.], 644.)

This action was brought to recover damages for the alleged negligent killing of plaintiff's intestate, Austin Reynolds.

It appeared by the evidence that the deceased, at the time of his death, lived with his father near the city of Schenectady, and about a quarter of a mile south of defendant's road. He was a bright, intelligent, and industrious boy, a little over twelve years of age. He had worked out upon a farm, the previous summer, receiving thirteen dollars a month and board. He attended school; the school-house was north of defendant's road, and in going to and returning from

school, the deceased crossed the tracks (of which there were two) four times a day.  He was well acquainted with the manner of running the trains.  Upon the day of his death he left the school-house to go home at noon as usual; he was last seen alive about 100 feet from the crossing, going toward it, in the highway.  At this time a freight train was crossing the highway going east on the south track.  A moment thereafter, and before the first train had crossed, a passenger train coming from the east upon the north track passed.  After the passage of the trains the boy was found dead in the cattle guard, between the tracks, and from the circumstances, it appeared that he was struck and killed by the engine of the passenger train.  The day was clear and but little wind blowing.  The tracks crossed the highway nearly at right angles.  At a point in the beaten track of the highway, ten feet distant from the tracks, a train approaching on the north track could be seen 750 feet from the crossing.  Evidence was given tending to show that no bell was rung or signal given of the approaching train.  Further facts appear in the opinion.

At the close of the evidence, defendant's counsel moved for a nonsuit, upon the grounds that the evidence failed to show negligence on the part of defendant, or the absence of contributory negligence on the part of deceased.  The motion was denied and defendant's counsel excepted.

*S. W. Jackson* for the appellant.  The deceased was guilty of contributory negligence and plaintiff cannot recover. (*Grippen* v. *N. Y. C. R. R. Co.*, 40 N. Y., 51; *Beisiegel* v. *N. Y. C. R. R. Co.*, id., 22; *Havens* v. *N. Y. C. R. R. Co.*, 41 id., 298; *Haight* v. *N. Y. C. R. R. Co.*, 7 Lans., 11; *Wilcox* v. *R., W. and O. R. R. Co.*, 39 N. Y., 366; *Gonzales* v. *N. Y. and H. R. R. Co.*, 38 id., 442; *Wilds* v. *H. R. R. Co.*, 29 id., 327; 24 id., 144; *Gorton* v. *Erie R. Co.*, 45 id., 664; *Warner* v. *N. Y. C. R. R. Co.*, 44 id., 465.)  The deceased was of an age which, with intelligence and experience, constituted him *sui juris*.  (*McMahon* v. *Mayor of N. Y.*, 33

N. Y., 647; *Downs* v. *N. Y. C. R. R. Co.*, 47 id., 85;
*Honegsberger* v. *Second Ave. R. R. Co.*, 1 Keyes, 570.)

*Isaac Lawson* for the respondent. It was proper to sub-
mit the question as to whether the negligence of plaintiff's
intestate contributed to his death, to the jury. (*Johnson* v.
*H. R. R. R. Co.*, 20 N. Y., 65; S. & R. on Neg., 49, note.)
A traveler is not required to stop and listen for an approach-
ing train in the absence of the usual signals. (*Beisiegel* v.
*N. Y. C. R. R. Co.*, 34 N. Y., 622; *Ernst* v. *H. R. R. R. Co.*,
35 id., 9; *Davis* v. *N. Y. C. and H. R. R. Co.*, 47 id., 400.)
Plaintiff's intestate was bound only to exercise care in pro-
portion to his age, mental and physical capacity, and the same
degree of care would not be required of him as of an adult.
(*Costello* v. *S., B. and N. Y. R. R. Co.*, 8 Alb. L. J., 45;
*Mowry* v. *Cent. City R. R. Co.*, id., 125; *Mangam* v. *Bklyn.
R. R. Co.*, 38 N. Y., 455; *O'Mara* v. *H. R. R. R. Co.*, id.,
445; *Crissey* v. *R. Co.*, 9 Alb. L. J., 170; S. & R. on Neg.
[2d ed.], 49, and note 59; *Dickens* v. *N. Y. C. R. R. Co.*, 1
Keyes, 28.)

ANDREWS, J. We think this judgment must be reversed,
on the ground that there was no evidence in the case upon
which the jury was authorized to find the absence of neg-
ligence on the part of the plaintiff's intestate which con-
tributed to his death. The absence of negligence, on the
part of the person injured, must be found by the jury, in
order to justify a recovery against a defendant who is sued
for damages for a personal injury, caused by negligence. It
belongs to the definition of the cause of action, that the
injury must have been occasioned solely by the negligence of
the defendant, and either by direct proof given by the plain-
tiff, or from the circumstances attending the injury, the jury
must be authorized to find affirmatively, that the person
injured was free from fault which contributed to the accident,
or the action is not maintained. If this element is wanting
in the case, the court may nonsuit or set aside a verdict for
the plaintiff. This rule is now too firmly settled in this State

to be disturbed. (*Johnson* v. *The Hudson River R. R. Co.,* 20 N. Y., 66 ; *Wilds* v. *The Same,* 24 id., 430 ; *Davis* v. *N. Y. C. and H. R. R. R. Co.,* 47 id., 400.)

The plaintiff's intestate was shown to be a bright, intelligent boy, thirteen years of age, who, the summer before his death, had worked on a farm, and received thirteen dollars a month and his board for his services, and was, at the time of the injury, living at home, and attending school. He was perfectly conversant with the railroad and the manner of running the trains, and crossed it several times each day on going to and returning from school. At noon of the day when he was killed, he started from the school-house, which was about two hundred feet north of the railroad track, and passed into the highway, which crossed the track of the railroad at nearly right-angles, and turned southerly, going toward his home, which was south of the railroad. About this time, a freight-train crossed the highway, going east on the south track of the railroad, and the regular passenger train, at about the same time, came from the east on the north track. The boy was last seen alive in the highway going toward the crossing, and about one hundred feet distant from it. He was found dead in the cattle-guard between the tracks, and the evidence leaves no doubt that he was struck and killed by the engine of the passenger train. The railroad track at this point is straight for about half a mile each way ; and it was proved that the deceased, at a point ten feet north of the track, if in the beaten path of the highway, could have seen the engine of the passenger train when 750 feet distant, and when within three feet of the track the approaching train could be seen for half a mile. The day was fair, with but little wind, and the evidence on the part of the plaintiff tended to show that the bell was not rung, and that no signal of the approach of the train was given. There was sufficient proof to go to the jury, of the defendant's negligence, but we think that the proof did not warrant the jury in finding that there was no negligence on the part of the deceased.

It is suggested that the smoke from the freight train may have obscured his vision, and prevented his seeing the passenger train; or, that as there was some snow and ice on the ground, he may have slipped in attempting to cross the track, or to escape from the train approaching; or, that having stepped upon the track to allow the freight train to pass, his attention was diverted for a moment, when he was struck by the train from the opposite direction. But these are mere conjectures, without any basis in the evidence to support them. Doubtless, the jury might infer that the deceased was governed by the natural instinct of self-preservation, and would not put himself recklessly and consciously in peril of death, but that men are careless and subject themselves thereby to injury, is the common experience of mankind, and when injured, no presumption exists in the absence of proof that they were exercising due care at the time. In applying the rule that a person who seeks to recover for a personal injury, sustained by another's negligence, must show himself free from fault, the law discriminates between children and adults, the feeble and the strong, and only requires of each the exercise of that degree of care to be reasonably expected in view of his age and condition. (*O'Mara* v. *Hud. R. R. R. Co.*, 38 N. Y., 445; *Mowrey* v. *Centl. City R. R. Co.*, 51 id., 666; Shearman & Redfield on Negligence, 59.)

But it cannot be said, under the circumstances of this case, that the deceased was not capable of appreciating the danger of going upon the railroad track without looking for approaching trains, which, if he had done, would have saved his life, so far as can be seen from the evidence. We are obliged to say, after attentively considering the evidence, that, in our opinion, the case was not made out in the respect mentioned.

The judgment must be reversed, and a new trial granted.

All concur, except Church, Ch. J., not voting.

Judgment reversed.