By the Court.—Sanford, J.
The appeal in this •case, is taken both from the judgment and from the order denying defendants’ motion to set aside the verdict, and for a new trial.
*25 The whole case is, therefore, before the court for review, as well upon the facts as upon the law.
While I am of opinion that the damages awarded by the jury would not be excessive, if the liability of the defendants to respond in damages were duly established, the conclusion at which I have arrived, after a protracted and deliberate examination of the case, in the light of the most recent decisions on the subject made by the court of appeals, is that the verdict, if not wholly unsupported by, is, at least, clearly against the evidence ; and that the court, either before or after the defense was put in, would have been justified in dismissing the complaint, both because the evidence was insufficient to make out a case of negligence on the part of the defendants, and for the reason that there was no evidence to warrant an affirmative finding that the plaintiff was- himself free from negligence which contributed to the injury.
The sole proof, tending to establish the allegation of negligence on the part of the defendants, related to the ringing of, or the omission to ring, the bell attached to the locomotive.
That there was no proof or suggestion of any other negligence, on defendants’ part, is manifest not only from a perusal of the evidence, but from the charge of the court. In submitting the question of defendant’s negligence to the jury, after stating the contention of the parties with respect to that of the plaintiff, the court used the following language :
“It is claimed on the part of the plaintiff, that he heard no bell ring, and that no notice was given him of the approach of the locomotive, of any kind, and that there was no flagman in attendance. On the other hand, the defendants produce testimony, showing, as they claim, that there was a bell rung on the locomotive, and that there was a warning, in that way, given to plaintiff. Hence you will per *26 ceive that there are two great questions in this case ; one, whether there was negligence on the pari of the defendants, that is, did they or did they not, by the ringing of the bell, give the notice that the law requires them, to give when a locomotive passes across any road ? Second. Was there or not contributory negligence on the part of the plaintiff? ”
The court further charged that the defendants were not bound to keep a flagman on the street in question, and that they were not responsible for the obstruction, so far as the street was obstructed by cars on the side track. That “if there was an omission to ring that bell, then the defendants were guilty of negligence, for it was their duty to ring the bell, as they approached the crossing.” He then directed the attention of the jury, in general terms, to the testimony of the plaintiff, in that respect, and to that of the employees of the company, and to the inquiry said to have been put by the deceased engineer to one of the witnesses, if the bell had not been rung, and instructed them to determine from all this evidence, and from all the surrounding facts, “whether that bell was rung or not.”
The court, therefore, in effect, instructed the jury that the defendants were entitled to a verdict, if the bell was rung ; if not, that the verdict would depend upon the presence or absence of contributory negli gence on the part of the plaintiff.
How, upon this question of the ringing of the bell, if there was conflicting testimony at all, the conflict was so slight as scarcely to admit of a doubt that the bell was actually rung. The onus probandi was upon the plaintiff to show that it was not. He was bound to make out, affirmatively, a case of negligence on the part of the defendants.
The only scintillas of evidence tending to establish such negligence consisted (1) in his statement—not *27 made until after the case had. been closed, and defendants’ counsel had made the absence of such testimony the subject of appropriate comment to the jury—that he “did not hear any bell; ” and (2) in the fact that the engineer, who was in charge of the engine at the time of the accident, having learned that some one had told the superintendent of the road that the bell was not rung, appealed to another employee, cognizant of the fact [for he was on the spot, close at hand, when the accident occurred, but in no way instrumental in its occurrence], to state whether it was rung, “ because som.e one had, said to the superintendent that it was not.” The witness to whom this appeal was made, testified that the bell was ringing when he first saw the engine, then at Fiftieth Street, and that it continued to ring till it reached Forty-fifth Street. Two other unimpeached witnesses, both of whom were on the train, one, the fireman on the engine, the other, the baggage-man, in the baggage-car, which next succeeded the engine in the train, swore positively that the bell rang continuously from the time when the train emerged from the’ Yorkville tunnel until after the accident.
In the face of this direct, positive, and uncontradioted testimony, it seems to me that the mere failure of the plaintiff to hear the bell, if it be allowed any effect whatever, should be deemed rather a corroboration of whatever of evidence there may be in the case indicative of his own preoccupation and absent mindedness, than as constituting affirmative evidence from which the negligent omission to obey a well-known requirement of law may be imputed to the defendants or their servants.
I am also of opinion, that the inquiry addressed by the engineer to his fellow-servant, as to “whether the bell was rung,” is rather to be regarded as raising a. strong presumption that it was rung, than as imply *28 ing the existence of a doubt, in the mind of the inquirer, as to whether it was rung or not.
It certainly was not evidence of any omission to ring. If I am correct in the view I have taken of the force and effect of the testimony under consideration, there was, to all intents and purposes, no evidence in the case from which the conclusion of negligence on the part of the defendants could fairly be drawn, and the complaint should have been dismissed (Baulec v. N. Y. & Harlem R. R. Co., 59 N. Y. 356, 365). ' But, however this may be, the evidence of the plaintiff, at most, raised a mere presumption that the bell was not rung; and such a presumption, if raised, was overwhelmingly rebutted by the direct and positive testimony of three unimpeached witnesses, every one of whom swore positively that it was. The jury were not warranted in discrediting these three witnesses, and in rejecting their statements as false, by any such presumption. I can not persuade myself that the jury did intentionally or consciously discredit them. I prefer to believe that they willfully disregarded the instructions of the court, and took the law into their own hands, rendering a verdict through sympathy with the plaintiff, and in commiseration for his misfortunes, irrespective of the question whether the bell was rung or not.
At all events, the verdict was against the evidence upon this question, and the preponderance is so decided that a. new trial should be granted on that ground (Smith v. Ætna Life Ins. Co., 49 N. Y. 211 ; and see the observations of Mr. Justice Allen, at p. 266, in the case of Baulec v. N. Y. & Harlem R. R. Co., above cited, and also Toomey v. London, &c., R’y Co., 3 C. B. [N. S.] 146, and other cases cited; Ryan v. Thomson, 38 N. Y. Superior Ct R. 133).
I am also of opinion that the admission made by the plaintiff that he “ was looking straight across *29 Fourth Avenue,” and the absence of evidence tending to prove that he looked in any other direction, or stopped, or listened, or adopted any precaution what ever in approaching a locality so fraught with danger, show an entire want of ordinary care on his part, and are inconsistent and at variance with the finding of the jury, that he was himself free from negligence contributing to the injury.
It is essential that there should be some evidence to support such an affirmative finding, and I think the case nowhere reveals it (Reynolds v. N. Y. Central R. R. Co., 58 N. Y. 248). “If this element is wanting, the court may non-suit, or set aside the verdict.” A verdict was set aside on that ground by the court of appeals, in the case last cited, although the general term had affirmed the judgment rendered on such verdict. In the case now under consideration, there was no conflict of evidence upon the question of the plaintiff’s negligence or freedom from negligence, and in view of his admission the court would, have been justified in dismissing his complaint, or in directing a verdict for the defendants. “The existence of the track was a warning of danger, . . . and it is in accordance with experience that prudent men do, before crossing a railway, loóle and listen for signs of danger (McGrath v. N. Y. Central & H. R. R. Co., 59 N. Y. 468). A fortiori the obligation exists in the exercise of ordinary care, to stop and listen, where, as in the present case, the numerous and complicated tracks of more than one line of railway are concentrated upon a single avenue, in their approach to a common depot.
The admission of evidence as to the absence of a flagman from the crossing at Forty-seventh Street, would have been fatal to the plaintiff’s judgment under the ruling of the court of appeals in the case last cited, and in earlier cases, but for the fact that *30 similar evidence had been previously introduced without objection.
The charge of the judge to the effect that the defendants were not bound to keep a flagman there, did not preclude the possibility of the jury being adversely influenced by the testimony (Erben v. Lorillard, 19 N. Y. 299). But the like testimony, previously introduced without objection, would still have remained in the case, had this item of evidence been excluded when objected to. The error should therefore be disregarded.
But, under all the circumstances, I think the verdict should be set aside either as unsupported by, or against, the evidence, and that there should be a new trial.
Judgment reversed, and new trial ordered.
Speir, J., concurred.