CATHARINE WOOD, as ADMINISTRATRIX, ETC., OF JOHN WOOD, DECEASED, PLAINTIFF, *v.* THE INCORPORATED VILLAGE OF ANDES, DEFENDANT.

*Contributory negligence — what sufficient to establish.*

This action was brought to recover damages for the death of plaintiff's intestate, occasioned by his falling from a bridge alleged to have been left out of repair by defendant. It appeared that he started to cross the bridge, which was out of repair, on a dark rainy night in winter when very much intoxicated; that he was warned that the bridge was unsafe, and that there was another bridge which he could have crossed, which was safe, and within a few feet of the one from which he fell.

He was found dead on the ice in the morning, no evidence as to the manner of his fall being given. *Held,* that the facts found showed him to have been guilty of contributory negligence and that plaintiff was not entitled to recover.

MOTION for a new trial on exceptions ordered to be heard in the first instance at the General Term, after a verdict in favor of the plaintiff.

The action was brought to recover damages for the death of the plaintiff's intestate, occasioned by his falling from a bridge which the defendant had allowed to remain out of repair.

It appeared that there were three bridges crossing the stream at this point, the middle one, a new double-track bridge, and on each side of this a foot bridge, the upper one (from which the accident occurred) being separated from the main bridge by a space of five feet and ten inches and having no guard or railing. On a dark night of January when it was raining and hailing together, the deceased while very much intoxicated, started to cross the stream after having been warned and notified that the foot bridge was not safe to cross. In the morning he was found on the ice near the bridge in question under circumstances that tended to show that he had fallen therefrom.

*F. Jacobs, Jr.,* for the plaintiff.

*John A. Scott* and *W. H. Johnson,* for the defendant.

LEARNED, P. J.:

In *Reynolds* v. *New York Central and Hudson River Railroad Company* (58 N. Y., 248) the Court of Appeals decided that, in this class of cases, it was necessary to a recovery that it should be affirmatively shown, by direct proof, given by the plaintiff, or from the circumstances, that the injured party was not guilty of contributory negligence; and that, where there was no evidence whatever on that point, the plaintiff could not recover.

Applying that principle to this case, we must hold that the plaintiff should have been nonsuited, for there was no evidence showing that the intestate had not been negligent. As in the *Reynolds Case*, so here, the deceased was found dead, and there was no proof that his own negligence had not contributed to the act.

But the present is a still stronger case; the plaintiff's intestate, at the time of the accident, is proved to have been very much intoxicated, and there is no contradictory evidence on that point. It is also proved that he was warned that the bridge was not safe; and this is not disputed. It also appears that there was another bridge which was safe, and which was within a few feet of that from which the accident happened. No necessity, therefore, compelled him to cross that from which he is supposed to have fallen. In crossing it after he had been warned of the danger, and while he was intoxicated, and when he could have safely crossed on another bridge, a few feet below, he was proved, affirmatively, to have contributed, by his own negligence, to the accident.

Without, therefore, passing on the question as to the defendant's liability, under other circumstances, for the alleged imperfections of the bridge, we think, for the reason above stated, that there must be a new trial, costs to abide the event.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Motion for new trial granted, costs to abide event.