MARGARET COSGROVE, AS ADMINISTRATRIX, ETC., OF JOHN COSGROVE, DECEASED, RESPONDENT, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, APPELLANT.

*Negligence — in order to create liability, must contribute to or cause the accident.*

One Barringer was driving, plaintiff's intestate and himself being in a one-horse wagon, on a highway crossing defendant's railroad. While at a safe distance therefrom they became aware of the approach of an engine, and Barringer at once endeavored to stop the horse and succeeded in checking him, he started again and was again brought under control, but started a third time and ran into the engine. The bell of the engine was not rung as required by law.

In an action to recover damages for the killing of plaintiff's intestate, *held*, that although negligence on the part of Barringer could not be imputed to the deceased, yet as defendant's neglect to ring the bell did not contribute to, or cause the accident the plaintiff could not recover.

APPEAL from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

Plaintiff's intestate and one Barringer were riding in a wagon on a highway which crossed defendant's railroad. Barringer was driving, and the horse, becoming unmanageable, ran into the locomotive and plaintiff's intestate was killed. Barringer and plaintiff's intestate were aware of the approach of the defendant's train. The evidence, as to whether or not the bell on the engine was rung, was conflicting.

*Frank Loomis*, for the appellants.

*H. A. Nelson*, for the respondent.

GILBERT, J.:

The negligence imputed to the defendant consists of an omission to ring the bell or sound the whistle, as required by statute. (3 Edm. Stat., 643, § 7.) The evidence on this subject was conflicting, that on the part of the defendant being positive, and that on the part of the plaintiff being negative merely. Perhaps, under

the circumstances, the defendant's witnesses deserved the most credence.  Still, I think, it was the province of the jury to determine the question of fact which arose upon the testimony on this point.  Two of the plaintiff's witnesses testified, that the bell was not rung, not merely that they did not hear it ring ; and it sufficiently appears I think that they were listening, and watching the approach of the engine.  A nonsuit, therefore, would have been erroneous.  Assuming that the bell was not rung, the case turns upon the question whether the omission to ring it caused the accident.  The instructions given to the jury upon this subject were accurate and explicit.  They were charged that " the accident must have been occasioned by the failure to ring the bell in order to make the defendants' liable."  In McGrath against this defendant (63 N. Y., 528), the rule of law is laid down by the Court of Appeals thus : " Under the laws which make it the duty of railroad companies to put signboards and ring the bell and blow the whistle at railroad crossings, an omission of that duty, if the jury found that it contributed in any way to the accident, would make the defendant liable."  In *Johnson* v. *Hudson River Railroad Company* (20 N. Y., 73), the same court, DENIO, J., delivering the opinion, held that, to carry the case to the jury the evidence on the part of the plaintiff must be such as, if believed, would authorize them to find that the injury was occasioned solely by the negligence of the defendant.  In *Wilds* v. *Hudson River Railroad Company* (24 N. Y., 430), and in Grippe against this defendant (40 N. Y., 51), the same court expressly sanctioned and approved the following instruction to the jury, viz., that " if the deceased, knowing the position of the railroad, approached the crossing at such a rate of speed that he was unable to stop his horse before getting upon the track, and in consequence thereof the collision occurred, the plaintiff cannot recover."

The rule of contributive negligence is generally invoked for the determination of cases like this.  That rule as stated by text writers generally, and very often when laid down by judges, embraces the element of fault, nonfeasance or misfeasance on the part of the plaintiff.  The rule so stated would not be applicable to a case of mere casualty, where the plaintiff's injury was caused by his inability to control the vehicle by which he was drawn into collision

with the locomotive. And yet, I think in such a case, it would be most unjust to charge the defendant with the consequences of the plaintiff's misfortune. No doubt there are cases where, although but for the plaintiff's own act the injury would not have happened, the defendant has, nevertheless been held liable ; as for example, where one incurred the peril of jumping from a vehicle in order to avoid imminent and greater peril, and where one lost his own life in a brave and meritorious effort to save the life of a little child. (Sh. & Red. on Neg., § 28 ; *Eckert* v. *Long Island Railroad Co.* (43 N. Y., 502), and cases governed by the principle of the "Donkey case" (10 M & W. 546), when a person by some negligence of his own has incurred danger by collision which he became unable to avert, and the other party by the use of ordinary care might have averted the danger. (*Kenyon* v. *N. Y. Central and Hudson River Railroad Co.*, 5 Hun, 479, and cases cited ; *Radley* v. *London and N. W. R. Co.*, L. R., 1 App. Ca., 754.) But such cases are exceptions to the rule, that a party in an action against another, to recover damages for an injury alleged to have been caused by the negligence of the latter, must fail, unless he proves that the negligence alleged caused the injury.

In the case before us the deceased and one Barringer were riding in a wagon drawn by one horse, upon a highway which crossed the railroad. Barringer was driving. It clearly appears that they were apprised of the approach of the engine, while at a safe distance from the railroad, and Barringer immediately made an effort to stop the horse. There can be no doubt that if that effort had been successful, the collision would not have occurred. But Barringer was unable to stop the horse. He checked the speed of the horse for a moment, but the horse started again, and was again brought under partial control. At the moment of the accident, however, he started the third time, and as the occurrence is described by a witness, he plunged ahead until he came in collision with the engine. This testimony was not contradicted or impeached, and it points with conclusive force to the inability of Barringer to control the horse, as the cause of the death of the plaintiff's intestate. I apprehend that in such a case the law forbids a recovery, although the defendant was negligent, not because Barringer is chargeable with contributive negligence, for his negligence cannot

be imputed to the deceased (*Robinson* v. *N. Y. Central R. R. Co.,* 66 N. Y., 11), but for the reason that the defendant's negligence did not cause or contribute to the injury. It seems to me that this conclusion is a necessary result of the decisions of the Court of Appeals which have been cited, and of general principles governing cases of this kind.

It was submitted to the jury to decide whether the deceased would have been at the place of collision if the bell had been rung. Such an inquiry invited mere speculation and conjecture, without any adequate evidence to support a conclusion one way or the other, and has been justly condemned by authority. (Reynolds against this defendant, 58 N. Y., 252.)

For these reasons, we think that the motion for a new trial should have been granted.

The order must be reversed, and a new trial granted with costs to abide the event.

Dykman, J., concurred, Barnard, P. J., not sitting.

Judgment and order denying new trial reversed and new trial granted, costs to abide event.