PATRICK McKENNA, ADMINISTRATOR, &c., OF MICHAEL McKENNA, Appellant, *against* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Respondent.

(Decided June 7th, 1880.)

In an action by an administrator against a railroad company, for negligently causing the death of the plaintiff's intestate, the proof was that the deceased jumped or fell from a train upon one of the tracks of the defendant's road, and lay near another track in such a position that a train then approaching on that track could pass him without injury to him if he made no incautious movement to bring himself nearer the track ; and a part of the train did in fact pass his prostrate body without touching, when, by a sudden movement, he threw his legs under the wheels of the last car, and thereby sustained the injuries from which he died.   *Held*, that there was no negligence on the part of the defendant's servants in charge of the train in not stopping it to prevent accident from such a cause.

APPEAL from a judgment of this court entered upon an order dismissing the complaint.

The action was brought to recover damages for negligently causing the death of a minor son of the plaintiff, who sued as

the administrator of the deceased.   A former trial resulted in a verdict for the plaintiff, but the judgment entered on the verdict was reversed on appeal to the general term, and a new trial ordered (see 8 Daly, 304, where also· the facts of the case are stated).   Upon the new trial, the complaint was dismissed, and judgment for the defendant was entered.   From this judgment the plaintiff appealed.

*Adolph L. Sanger*, for appellant.

*Frank Loomis*, for respondent.

J. F. DALY, J.—On the hearing of the former appeal in this action the general term of this court, upon the facts disclosed on the trial, held as follows (Opinion of VAN BRUNT, J., concurred in by BEACH, J., LARREMORE, J., dissenting): "It further appears that when the engineer and fireman of the down train first saw the boy after he had fallen he was lying in a position where the train would not strike him, but that after the train had almost passed him the boy moved and was struck.   They were certainly not required to stop the train in case they could pass the boy without injury, and they certainly were not guilty of wanton negligence by going on.   Upon the proof as it stands no cause of action was made out against the defendants."

The proof on the new trial, on the point referred to, was the same as on the first trial.   The boy jumped or fell from the up train and lay between the up and down tracks in such a position that a train on the down track could pass him in safety if he made no incautious movement to bring himself nearer the down track.   The engine, tender, and two first cars of a train on the down track passed his prostrate body without touching, when, by a sudden movement, the deceased threw his legs under the hind wheels of the last car and thereby sustained injuries from which he died.

We are bound by the decision on these facts already announced by the court.   I can say for myself, however, that the conclusion thus reached is reasonable.   There was no negligence

on the part of the defendant's servants in charge of the down. train. They saw the deceased lying in such a position that they could pass him without touching. They would have so passed if he had not made an imprudent movement that thrust his body into danger. That movement was unexpected and unforeseen, and could not be expected to enter into ordinary human calculations of probabilities. The engineer was not in fault, therefore, for not taking the possibility of such a move-ment into account, and for not stopping the train to prevent ac- · cident from such a cause.

Had the deceased been lying *on* the track, where he must have been struck if he had *not* moved, the case would have been different. The engineer here saw him out of danger. The case does not resemble those in which, the deceased lying asleep or standing on the track, the engineer supposed the ob-ject to be something inanimate and took the risk of its turning out to be a human being. The element of *danger and cer-tainty of injury* was present in those cases. In thus acting, upon the state of things as they stood when the engineer saw them and as long as he could see them, there was do danger.

The judgment should be affirmed, with costs.

VAN BRUNT, J., concurred.

Judgment affirmed, with costs.