### MALLARD v. NINTH AVE. R. Co.

*(Common Pleas of New York City and County, General Term.   December 2, 1889.)*

HORSE AND STREET RAILROADS—NEGLIGENCE—QUESTIONS FOR THE JURY.

    In an action against a street-railroad company for personal injuries resulting in the death of plaintiff's intestate, it appeared that the latter was a girl, about 10 years old; that she stood about 2 feet from the track, with her back to the car, which was about 50 feet away, and called to her companions to follow her; that there was no obstruction to prevent the driver from seeing her; and that the car

came up at rapid speed as the child turned to cross the track, when she was struck by it and run over. *Held*, that plaintiff was entitled to go to the jury on the question of whether the driver exercised ordinary care, as his failure to do so rendered defendant liable, though there was negligence on the part of the child.[1]

Appeal from trial term.

This action was begun on the 25th day of June, 1879. The answer was served on the 4th day of August, 1879. It was tried before the court and a jury, February 9, 1881, and the complaint was dismissed. on motion of defendant's counsel. After the proofs on the part of the plaintiff were in, a judgment was entered in favor of defendant, from which plaintiff appeals. The action was brought to recover damages for the death of the plaintiff's intestate, Mary Ellen Mallard, who was killed on the 10th day of May, 1879, by being run over by a horse-car at the corner of Greenwich and Spring streets, in the city of New York.

Argued before LARREMORE, C. J., and DALY and BOOKSTAVER, JJ.

*George W. Wilson,* for appellant. *Robinson, Scribner & Bright,* for respondent.

DALY, J. There was testimony on the part of the plaintiff to show that the deceased, a child between 9 and 10 years of age, was attempting to cross. Greenwich street, at the intersection of Spring street, in the evening, between 8 and half-past 8 o'clock; that there was a crowd of persons on the cross-walk at the time, who stood back to let the approaching car pass; that the deceased stopped about 2 feet from the car track, with her back to the approaching car, then 50 feet away, and called to companions on the sidewalk to follow her; that there was no obstruction to prevent the driver seeing the child, and that he came up at a rapid pace,—one witness says a sharp gallop, one, a trot; and that his horse passed the child, who then turned and attempted to cross the track, and was struck by the front platform of the car, run over by the front wheel, and dragged a short distance by the hind wheel, before the car was stopped. This state of facts required the submission to the jury of the question whether the driver of the car exercised ordinary care, under the circumstances. The distance from the track (2 feet) at which. the child stood when the car approached may have been a safe distance, providing she remained where she was; and it may be urged that the driver was justified in proceeding without slackening his speed, in view of that circumstance. I think this would be so, if the child had been looking towards the car as it approached, or the driver had any reason to believe that she was. aware of the danger of making an attempt to cross, and that she would probably refrain from doing so. But, as her back was towards him, he must have seen that there was some hazard that she might not be aware of the approach of the car, and might make some movement that would have put her in danger. He was not to expect the same prudence on her part that he might justly look for from an adult or older person. He was bound to know that she could exercise only the prudence natural to her tender years, and under these circumstances he was bound to exercise care proportioned to the danger to be avoided; and whether he did so or not was a question for the jury. It is urged, however, that the same proof in the plaintiff's case showed that the deceased child was guilty of negligence which contributed directly to the accident. She was bound to the exercise of some care, and of such care as might be reasonably expected from a child of her years. What an older person should have done in the way of looking before starting to cross the street is not the standard by which her actions are to be judged. It is true that she is de-

---

[1] As to the liability of horse and street railway companies for injuries to persons in the street and to passengers, and as to what is negligence in such cases, see Valentine v. Railroad Co., 4 N. Y. Supp. 481; Farrell v. Railroad Co., Id. 597, and note; Railway Co. v. Robinson, (Ill.) 18 N. E. Rep. 772, and note.

scribed as having stopped near the middle of the street, 2 feet from the railroad track, with her back to the approaching car, then 50 feet away, calling to her companions on the sidewalk to follow her; and that just as the horses had reached her, or had passed her, she turned to run across the stret, without looking before her, and was struck by the front platform of the car, and run over by the front wheel. Had an adult done this, it is probable that he would not be permitted to recover damages for the injury that ensued, as his conduct might be deemed reckless in the extreme. It is possible that the deceased was negligent in so acting. If she were, and that negligence contributed to the accident, a nonsuit was proper. If we assume that she was *sui juris*, it implies that she had sufficient mental and physical capacity to be chargeable with the exercise of some degree of care and prudence, and responsible for the consequences of some degree of negligence. An infant is not in law altogether exempted from the exercise of care and prudence, and the defendant has a right to insist that she should not have been the heedless instrument of her own injury; and, whenever it affirmatively appears that the injury was occasioned by the fault of the party injured, there can be no recovery. *Wendell* v. *Railroad Co.*, 91 N. Y 420; *Reynolds* v. *Same*, 58 N. Y. 248. But in this case the question arises whether the driver of the car, notwithstanding the negligence of the child, could not have prevented the accident by the exercise of ordinary care. If he could, then he was the sole cause of the injury, and the negligence of the child will not prevent a recovery. "The plaintiff may recover, notwithstanding his own negligence exposed him to the risk of injury, if the defendant, after becoming aware of the plaintiff's danger, failed to use ordinary care to avoid injuring him." Shear. & R. Neg. § 36. Contributory negligence on the part of the plaintiff will not disentitle him to recover damages, if the defendant might, by the exercise of care on his part, have avoided the consequences of the neglect or carelessness of the plaintiff. Add: Torts, (3d Ed.) 21. There may be mutual negligence, and yet one party have a right of action against the other. If a man negligently lie down and fall asleep in the middle of the public road, and another, failing to exercise ordinary care, should drive over him, the party injured would have a right of action against the other. *Thomas* v. *Kenyon*, 1 Daly, 142.

What degree of care was the driver bound to exercise with regard to this child, if he saw, or could have seen, her where she stood, as described by the witnesses? The authorities answer the question. It is said in *Sheridan* v. *Railroad Co.*, 36 N. Y. 39, that a child is entitled to more attention and care from a railroad company than a person who is under no disability. It is entitled to more consideration when crossing a street, to the end that the cars shall not run over it; and such speed in driving as would be reasonable care towards others might well be carelessness and neglect towards a child. In *O'Mara* v. *Railroad Co.*, 38 N. Y. 445, it was said: "The old, the lame, and the infirm are entitled to the use of the streets; and more care must be exercised towards them by engineers than towards those who have better powers of motion. The young are entitled to the same rights, and cannot be required to exercise as great foresight and vigilance, as those of maturer years. More care towards them is required than towards others. In the case of a child but two or three years of age, no knowledge or foresight could be expected. This an engineer is bound to know, and, if the child is within his view, to act accordingly. In a case like the present, that of a boy 11½ years of age, the jury were not bound to require the same demureness and caution as in the case of an older person." In *Thurber* v. *Railroad Co.*, 60 N. Y. 326, it was said: "If the driver of the car had been reasonably vigilant, or even exercised the very lowest degree of care, * * * he would have seen the plaintiff, and could by a very slight effort have entirely arrested, or checked, the progress of the car, and avoided the injury. * * * His omission to perform this slight duty was culpable negligence, for which the defendant must respond, unless it appears

from the whole case that the injury is not attributable to that cause." In *Murphy* v. *Orr*, 96 N. Y. 14, it was said. "Whoever drives horses along the street of a city is bound to anticipate that travelers on foot may be at the crossing, and must take reasonable care not to injure them. He is negligent whenever he fails. to look out for them, or when he sees, and does not, so far as in his power, avoid, them. In this case the day was clear and bright. The street was unobstructed, the horses quietly moving on a walk, completely under the control of the driver, who, from his elevated seat, could see all around, in front, and on both sides of him. The plaintiff, a child between three and four years of age, while on the cross-walk, and passing over, was knocked down by one of the horses. The evidence is sufficient to show that, if the driver had looked, he would have seen the child in season to have avoided it. His conduct was sufficient to justify the conclusion of the jury that he failed in both particulars, because he was unobservant; and the learned trial judge committed no error in charging them to say whether, under all the circumstances surrounding the transaction, he was negligent in not discovering the child in time to prevent the injury." And in *Moebus* v. *Herrmann*, 108 N. Y. 349, 15 N. E. Rep. 415, it was said that the "driver was bound to be watchful at all points elsewhere, as. well as at the cross-walk; and, had he been so, the jury might well have said from the evidence he would have seen the child in season to have prevented the collision." These rules, by which we are to judge the conduct of drivers of vehicles approaching children who are in the street, exposed to the consequences. of their own natural want of foresight, as well as to want of care on the part of others, require that in a case like the one before us the questions of contributory negligence on the part of the infant, and of the want of ordinary care on the part of the driver, should be submitted to the jury. The case is distinguishable from *McKenna* v. *Railroad Co.*, 9 Daly, 262, where it was held not to be negligence in the engineer of a locomotive to proceed when he perceived a person lying motionless by the side of the track, in such a position that if he had made no incautious movement he would have escaped injury. In this case the child was not lying motionless, and it was for the jury to say whether it was apparent that she might change her position at any moment, so as to bring her into danger. There is also to be considered the fact that the speed of a horse-car may be more easily controlled than that of a locomotive. The judgment should be reversed, and a new trial ordered; costs to abide event. All concur.