(9 Misc. Rep. 51.)

### RIEGELMAN v. THIRD AVE. R. CO.

(Common Pleas of New York City and County, General Term. June 4, 1894.)

STREET RAILROADS—STARTING CAR WHILE PERSON IS CROSSING TRACK.
  It is negligence to start a cable car while a person is driving across the track a short distance in front of the car.

Appeal from tenth district court.

Action by John Riegelman against the Third Avenue Railroad Company. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

Henry L. Scheuerman, for appellant.
William M. Watson, for respondent.

BOOKSTAVER, J. This action is brought to recover for injuries to plaintiff's wagon, growing out of a collision with a north-bound cable car of the defendant company on December 30, 1893, on Third avenue, between 119th and 120th streets. Appellant contends that the respondent was guilty of contributory negligence, and that the record shows no evidence of defendant's negligence. We have examined the record, and find that the evidence was contradictory on both of these points, and was such as would not have justified the trial justice in withdrawing either of these questions from the consideration of the jury; and its finding, therefore, on these questions, is conclusive upon us in the absence of anything to show that the jury were influenced by passion, bias, or prejudice. But it is claimed that

the trial judge erred in his charge to the jury. The circumstances of the accident were as follows: The plaintiff was sitting in his carriage on the east side of Third avenue, about midway between 119th street and 120th street. The horse was headed south, and, as the plaintiff was turning him about, in order to drive up the avenue, the carriage was struck by a north-bound cable car, and crushed against one of the pillars of the elevated railroad. In respect to the accident the justice charged:

"The rule of law is that the plaintiff must show not only that the defendant was negligent, but that he himself was free from negligence. If you believe the plaintiff's statement, in my judgment he has so shown; and if you believe the plaintiff that at the time he started to turn his horse's head to cross the track the defendant's car was at a dead standstill at 119th street, and that while said car was so standing plaintiff's horse was crossing the track, he was doing what he had a right to do. If the gripman of the defendant's car saw him, and attempted to get through while the plaintiff was in the position stated, the gripman had no right to do so. * * * The plaintiff has attempted to show that this car was stopped at the cross walk when he started to get across the track, and, if this is so, and he was doing that which he had a right to do, the defendant had no right to proceed, and collide with the plaintiff. The gripman should have waited until the plaintiff's horse and rockaway got out of the way before proceeding on his journey with the car."

These portions of the charge are quoted because they are relied upon by the appellant as being erroneous. All the facts here said by the justice to have been stated by the plaintiff in his testimony had been, as the record shows, so stated by him. There is therefore no question of an inaccurate review of the testimony. Some parts of the charge omitted bear strongly against the respondent, and show that the appellant has no ground for complaint because of partiality. The justice was right, we think, in holding, as he substantially did, that as a matter of law it was negligence for the car to be started up so as to collide with the plaintiff's carriage while his horse was crossing the track and in the act of turning, and at a distance of only from 40 to 100 feet. The evidence as to the distance is very conflicting, and even plaintiff's testimony—which is all that has to be considered as the question is presented—is not very clear. The appellant's counsel argues with much force that on the whole the plaintiff's own testimony shows that the car was not more than from 10 to 35 feet distant at the time the plaintiff drove his horse upon the track and at the time the car was started, but this does not avail, because the less the distance the greater the negligence in starting the car while the track immediately ahead was obstructed. Upon the principle followed in Mallard v. Railroad Co. (Com. Pl. N. Y.) 7 N. Y. Supp. 666, and in Thomas v. Kenyon, 1 Daly, 132, 142, that a plaintiff may recover, notwithstanding his own negligence exposed him to the risk of injury, if the defendant, after becoming aware of the plaintiff's danger, failed to use ordinary care to avoid injuring him, the question of plaintiff's negligence is not necessarily involved. But, as both the trial and the appeal have proceeded upon the theory that this question is at issue, we will say that, in our opinion, there is no negligence in passing upon the track in front of a cable car which has come to a full stop, although but a short distance away.

'The exigencies of traffic on crowded streets demand that other vehicles be not required to wait for an indefinite time to ascertain how long a stop will be made by a cable car.    For these reasons we think the trial justice did not err in expressing an opinion as to the negligence of the defendant under the circumstances stated by plaintiff, provided the jury believed that testimony.    The other portions of the charge clearly stated the law in regard to the negligence of the plaintiff, and the effect it should have upon a recovery in the action.    He charged, among other things, that:

"Plaintiff was bound to show he did not contribute to the injury, and that he did not do anything by which it took place.  If you believe he did any act by which the injury took place, then he cannot recover.  If the statement of defendant's witnesses be correct, the plaintiff cannot recover at all."

The judgment should be affirmed, with costs. .