CATHARINE DE FOREST, as Administratrix, etc., Appellant, *v.* HUGH J. JEWETT, Receiver, etc., Respondent.

A servant who has accepted service with knowledge of the character and position of structures from which he may be liable to injury, in case of injury resulting therefrom, cannot maintain an action against his employer for indemnity; he assumes apparent risks, and cannot call upon his employer to make alterations to secure greater safety.

Where, therefore, plaintiff's intestate was employed by defendant as switchman and car coupler, working in a freight yard drained by a system of small open ditches, running across the tracks between the ties, which were in existence when he entered the employment, and remained without any change or alteration, every one of which was well known to him, and while engaged in coupling cars he stepped into one of these sluices, fell under the cars and was killed, *held*, that defendant was not liable. *Plank* v. *N. Y. C. R. R. Co.* (60 N. Y. [Mem.] 607), distinguished.

(Argued January 23, 1882; decided February 28, 1882.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, made December 31, 1880, setting aside a verdict for plaintiff, and granting a new trial.

This action was brought to recover damages for alleged negligence, causing the death of Levi W. De Forest, plaintiff's intestate.

De Forest was a switchman and car coupler, in a freight yard in the city of Buffalo, in the employ of defendant, who, as receiver, was operating the road of the Erie Railway Company.

The yard was drained by sluices or shallow ditches running under the tracks in the spaces between the ties. De Forest had been at work daily in the yard about two years prior to the accident. These sluices were in plain sight; they were there when he entered defendant's service, and remained without change or alteration up to the time of the accident. On August 28, 1877, while engaged in coupling cars, as they came together he stepped into one of these sluices, fell, was run over, and was so injured that he died shortly after.

*A. G. Rice* for appellant. It was defendant's duty to know the condition of appliances in use, and that being his duty, he is presumed to have known the condition of things. (*Hough* v. *Railway Co.*, 100 U. S. 213; Wharton on Law of Negligence [2d ed.], §§ 206–224, 232, note 4; *Plank* v. *N. Y. C. & H. R. R. R. Co.*, 60 N. Y. 607; *Ford* v. *R. R. Co.*, 110 Mass. 240; *Murphy* v. *Phillips*, 35 L. T. [N. S.] 477.) The rule of law which exempts a master from liability for the negligence of a fellow-servant does not excuse the exercise of ordinary care in supplying and maintaining proper instrumentalities for the performance of the servant's work; and it makes no difference that another servant of the same or even a less rank is charged with that duty, and it is through his neglect that the injury is produced. (*Hough* v. *Railway Co.*, 100 U. S. 213; *Railroad Co.* v. *Ford*, 17 Wall. 543, 557; *Ford* v. *Fitchburg R. R. Co.*, 110 Mass. 241; Wharton on Negligance, § 232, note 4; *Skarney* v. *Androscoggin*, 66 Me. 410; *Arella* v. *Nash*, 117 Mass. 318.) No legal presumption can arise from the facts proved that the intestate knew of the imperfect or dangerous construction of this sluice; it was a fact to be found by the jury. (*Hough* v. *Railway Co.*, 100 U. S. 231; Wharton's Law of Negligence [2d ed.], §§ 2, 210; *Murphy* v. *Phillips*, 35 L. T. [N. S.] 477.) If the master knew, or in the exercise of due care might have known, that his structures or engines were insufficient, either at the time of procuring them or at any subsequent time, he failed in his duty. (Wharton's Law of Negligence [2d ed.], § 212; *Arkson* v.

*Samerson,* 117 Mass. 412; *Buzzell* v. *Laconia,* 48 Me. 113; *Avilla* v. *Nash,* 117 Mass. 318; *Ryan* v. *Fowler,* 24 N. Y. 410; *Harrison* v. *R. R. Co.,* 31 N. J. L. 293.) An employe is not bound to inquire as to latent defects. He has a right to presume that this inquiry was made by his employer, on whom devolves the duty; and although the servant may know of the defects this will not defeat his claim, unless he knows that the defects are dangerous. The servant can be only said to assume a risk which is either announced to him in advance, or which is a natural and ordinary incident to the employment, or which, from facts before him, it was his duty to infer. (Wharton on Negligence, § 214; *Stark* v. *McLaren,* 10 Ct. of Sess. [3d series] 31; *Snow* v. *R. R. Co.,* 8 Allen, 441; *Huddleson* v. *Machine Shop,* 106 Mass. 282; *Patterson* v. *Railroad Co.,* 76 Penn. St. 389.) When there is any doubt whether the employe was acquainted, or ought to have made himself acquainted, with the risk, the question of his negligence, in this respect, is for the jury. (Wharton on Negligence, § 217; *Huddleson* v. *Lowell Machine Shop,* 106 Mass. 282; *Porter* v. *R. R. Co.,* 60 Mo. 160; *Dale* v. *R. R. Co.,* 63 id. 455.) It cannot be said that the servant while engrossed in his employment has the same opportunity of knowing the condition of the appliances and defects in them as the master, whose duty it is to ascertain and remedy defects. (*Mehan* v. *S. B. & N. Y. R. R. Co.,* 73 N. Y. 585.)

*John G. Milburn* for respondent. The deceased by accepting his employment assumed the usual risks and perils of the service, and also the risks and perils incident to the use of the machinery and property of the defendant as they then were, so far as such risks were apparent. (Wharton on Negligence, §§ 206, 214; *Gibson* v. *Erie R. R. Co.,* 63 N. Y. 449; *Mehan* v. *R. R. Co.,* 73 id. 584; *Laning* v. *N. Y. C. R. R. Co.,* 49 id. 521, 534, 535; *Wright* v. *R. R. Co.,* 25 id. 562, 566, 569, 570; *Evans* v. *R. R. Co.,* 12 Hun, 289; *Owen* v. *R. R. Co.,* 1 Lans. 108; *R. R. Co.* v. *Smithson* [Mich.], 1 Am. & Eng. R. R. Cases, 101, and note; *Hoskin* v. *R. R. Co.,* 65 Barb. 129.

affirmed, 56 N. Y. 608 ; *Jones* v. *Roach*, 9 J. & S. 248 ; *Clark* v. *R. R. Co.* [Minn.], 2 Am. & Eng. R. R. Cases, 240 ; *Wells* v. *R. R. Co.* [Iowa], id. 243 ; *Kelly* v. *Silver Spring Co.*, 12 R. I. 112.) Equally with his master the law charges the servant with knowledge of what he ought to have known, and will not excuse him in not knowing, in case he has been negligently ignorant. (Thompson on Negligence, 1009, 1016 ; Wood on Master and Servant, § 382.) Open sluices similar to that which caused the accident in question, having been in common use in the yard where the deceased worked, during the entire period of his service, the risks incident to their use, so far as apparent, were assumed by him irrespective of the fact as to his knowledge of any particular sluice. (*Lovejoy* v. *B. & L. R. Co.*, 125 Mass. 79.) The question as between master and servant is, whether the master has exercised ordinary care in providing the facilities and appliances necessary in the business. ( *Wright* v. *R. R. Co.*, 25 N. Y. 562, 565, 566 ; *Leonard* v. *Collins*, 70 id. 90 ; *Warner* v. *Erie R. R. Co.*, 30 id. 468 ; *Degraff* v. *R. R. Co.*, 76 id. 125 ; *Henry* v. *S. I. R. R. Co.*, 81 id. 373.) The master is not bound to make use of the safest known appliances or instruments, nor is he responsible for the failure to discard those which are not such, and to supply their place with something safer. (Thompson on Negligence, 983 ; *Kelly* v. *Silver Spring Co.*, 12 R. I. 112.) The evidence was entirely insufficient to authorize the submission to the jury of the question of the defendant's negligence. (*Baulec* v. *R. R. Co.*, 59 N. Y. 356, 365, 366 ; *Farwell* v. *R. R. Co.*, 4 Metc. 49.) The receiver, under the order appointing him, was not guilty of negligence in maintaining the sluice as he found it, especially in the absence of any evidence of notice to him. (*Davis* v. *Gray*, 16 Wall. 203, 217, 218 ; *Verplank* v. *Ins. Co. of N. Y.*, 2 Paige, 452 ; 12 Am. Law Rev. 666 ; *Davenport* v. *Alabama R. R. Co.*, 2 Woods, 519 ; *Cowdrey* v. *Galveston, etc., R. R. Co.*, 93 U. S. 352 ; Jones on Railroad Securities, §§ 533, 542.) The negligence of the deceased contributed to the accident. (*Pa. Co.* v. *Hankey*, 93 Ill. 580.) It was negligence on the part of the deceased,

knowing of this sluice, to attempt to couple the cars while in motion. (*Muldowney* v. *R. R. Co.*, 39 Iowa, 615; *Williams* v. *R. R. Co.*, 43 id. 396; *Marsh* v. *R. R. Co.*, 56 Ga. 274, 277.) If the accident was caused by the negligence of any one other than the deceased, it was that of a co-employe, and the defendant is not liable. (*Barringer* v. *D. & H. C. Co.*, 19 Hun, 216.) It was error to exclude at the trial the testimony offered by the defendant, to the effect that these open sluices were put in at the request of the switchmen. (*Sherman* v. *Kortwright*, 52 Barb. 267; *Furth* v. *Foster*, 7 Robt. 484; *Mackay* v. *Lewis*, 73 N. Y. 382.)

TRACY, J. We are of the opinion that this case cannot be distinguished from the case of *Gibson* v. *The Erie Railway Company* (63 N. Y. 449), and must be controlled by it.

In that case this court held that, having accepted service, with knowledge of the character and position of structures from which he might be liable to injury, the plaintiff could not call upon the defendant to make alterations to secure greater safety, or, in case of injury from risks which were apparent, he could not call upon his employer for indemnity.

In the present case the yard, in which the deceased worked, was drained by a system of small, open ditches or sluices, running across the tracks, between the ties. The sluices were in existence long before deceased went into the employment of the defendant, and so remained without change or alteration throughout the time of his service. There were many of them, all constructed substantially alike, and all in plain sight. He had been engaged as switchman and car coupler in the yard in question for nearly two years. He worked in the day-time. It appears that every one of these ditches or sluices were well known to him; he knew their location and, so far as could be determined by seeing them daily, he knew their width and depth, and the manner of their construction. Whatever there was of danger to one engaged in the coupling of cars in this yard must have been apparent and obvious to him. This is not a case, therefore, of a latent or secret danger unknown to the servant, but which should have been known to the master.

We do not see how the defendant can be held liable in this case, without abolishing the well-established rule that the servant, by accepting the employment, assumes the risks and perils incident thereto, so far as they are apparent and obvious.

The memorandum of the case of *Plank* v. *N. Y. C. R. R. Co.* (60 N. Y. 607), upon which the learned judge relied at the Circuit, it is true states that the deceased knew of the existence of the ditch. This was founded upon, and perhaps justified by a statement in the *per curiam* opinion in that case, as follows : " He had been two months in the service of the defendant, and every week, probably, upon this turn-out on his avocations. He must have known of the existence of the trench," and the court held that under the peculiar circumstances of that case, while the fact that the deceased knew of the existence of the ditch, " though an important fact, is not a preponderating one," on the question of contributory negligence. The question here presented was not under consideration. We have examined the record on which the case was heard in this court, and it does not appear, nor was it contended by the counsel for the defense, that the deceased had actual present knowledge of the existence of the ditch. The plaintiff was nonsuited at the Circuit. The nonsuit was set aside by the General Term, and the defendant appealed to this court, giving the usual stipulation.

The decision in that case is not in conflict with the rule established in the case of *Gibson* v. *The Erie Railway Company* (*supra*).

The judgment of the General Term should be affirmed, with costs.

All concur.

Judgment affirmed.