MARGARET KENNEDY, as ADMINISTRATRIX, ETC., OF MATTHEW KENNEDY, DECEASED, APPELLANT, *v.* THE MANHATTAN RAILWAY COMPANY, RESPONDENT.

*Negligence — a master is not liable for an injury to a servant, caused by an accident arising from a risk incidental to his employment.*

The plaintiff's intestate was employed by the defendant, an elevated railway company, to signal a contractor who was blasting rocks near a portion of the railroad, and also to signal the defendant's trains when approaching that point. The intestate was required to climb one of the columns supporting the railway and place himself on the easterly track, and from that place signal the contractor and the approaching trains. Just after signaling a train going south he discovered a train coming from that direction. To avoid this train he attempted to reach a girder to the north of him by passing between the tracks. Just as he was stepping on the girder he was struck by the train, thrown to the ground and killed. The girder was about ten inches wide. It was customary for persons employed upon the tracks to avoid trains by stepping on those girders or by passing themselves down between the ties, through a space about eighteen inches wide, and waiting there for the trains to pass. At some places platforms had been constructed outside of the tracks upon which a person could stand with safety. The failure of the company to have such a platform at the place of the accident was claimed to be a negligent act, rendering it liable for the loss occasioned by the death of the intestate.

*Held,* that the claim was untenable; that the risk of encountering accidents by trains approaching the place where the deceased was employed was assumed by him when he voluntarily entered upon the discharge of his duties, and that the defendant was not bound to protect him against it.

That the complaint was properly dismissed at the circuit.

APPEAL from a judgment, recovered on the dismissal of the complaint at the circuit.

*E. Ellery Anderson*, for the appellant.

*R. E. Deyo*, for the respondent.

DANIELS, J. :

The intestate was at and before the time of his death employed by the defendant to signal a contractor, when blasts in excavations made by him could be discharged, and also signal trains upon the defendant's road when they were approaching that point. The rock was being blasted in Ninth avenue, north of Sixty-fifth street, in the city of New York, and the intestate had been employed in the performance of this service from the 13th of June, to the 9th of July, 1881.

In its performance it was necessary for him to place himself upon the easterly track of the elevated railway. That he did by climbing up a column supporting the railway, and from there making use of a signal flag to signal the approaching trains, and indicating to the persons in charge of the improvements, by sign or otherwise, that the blast might be discharged. On the occasion when the injury was received by him he had taken his position in this manner upon the railway, and signaled an approaching train passing to the south at Seventy-second street on the westerly railway track, and to the persons in charge of the blast, that it could be discharged. While this was being done a train approached from the south on the easterly track. When that was discovered by him he endeavored to reach the northerly girder from him, passing between the tracks. This girder was about ten inches in width, and as he was in the act of stepping upon it he was struck by the train and thrown into the excavation made by the blast and immediately killed. Passing upon the girders was one of the ordinary means used for escape from approaching trains by persons who were employed upon the tracks. Persons who were so employed were also shown, upon these occasions, to have passed themselves down between the ties through a space of about eighteen inches in width, and there to have remained until the train had passed. And there were no other modes in which collisions with approaching trains could be avoided by the persons who were so employed by the defendant, excepting that at some points on the railway platforms had been constructed outside of the track upon which a person could step and securely remain while the train was passing. And it has been insisted that as the company constructed no such platform or means of escape, at the point where the intestate was employed, that it was so far in fault as to

render it liable for the loss to the widow and next of kin occasioned by his decease.

It is not denied, neither can it be, that the defendant, as a general proposition, was bound to use reasonable care and attention in guarding persons in its employment against the risk of accidents, but this rule has not been carried to the extent of requiring the observance of the obligation imposed by it so far as to secure protection of the person employed against such risk of injuries as is incidental to the employment itself.

In the performance of the service required from the intestate, and which he voluntarily undertook to render, he was subject to the risk of encountering accidents by trains approaching the place required to be occupied by him to give the signals which he was employed to communicate. That was plainly to be observed and seen by himself, as well as all others whose attention might be directed to the situation. His employment required him to make use of the instrumentalities as they had been located in that vicinity; it was all clearly and evidently before his eyes and within his comprehension, and he must have understood that in the discharge of his duties he subjected himself to the risk of just such an accident as was encountered by him. And as that was clearly indicated by the situation and the circumstances under which he was obliged to act, that was one of the risks incident to his employment. This general subject was considered in *Gibson* v. *Erie Railway Company* (63 N. Y., 449), where it was held that "accepting service with a knowledge of the character and position of the structures from which the employee might be liable to receive injury, he could not call upon the defendant to make alterations to secure greater safety, or in case of injury from risks which were apparent, he could not call upon his employer for indemnity." (Id. 452.) This legal principle is directly applicable to this case and was sufficient to justify the disposition which was made of it at the circuit. It was further considered in *De Forest* v. *Jewett* (88 N. Y., 264), and *Kain* v. *Smith* (89 id., 375), and approved on each occasion by the court. And *Hough* v. *Railway Company* (100 U. S., 213) is in general terms to the same effect. *Sheehan* v. *New York Central, etc.* (91 N. Y., 332), is entirely distinguishable, for that depended upon what was held to be the misconduct of the

employer in exposing the employed to a risk not known or under-stood by himself. Neither does the case of *Plank* v. *New York Central, etc., Railroad Company* (60 N.Y., 607), in any manner tend to support the plaintiff's action. For there the injury was pro-duced by an unsafe structure over which the deceased was required to pass in the discharge of his duty in the night-time, and it was not subject to his knowledge and observation, as was the risk to which the intestate in this action was subjected.

No complaint was at any time made by him concerning the hazards of his employment, and no request to guard him against them by any further or additional structure was at any time made, but he was contented to perform his services by conforming his conduct to the situation in which he was placed, and with the means of escape afforded by the structure upon which he was required to place himself. And the risk he encountered being evident to, and observable by him, he was wholly subjected to its consequences when the accident by which he lost his life took place.

The immediate cause of this accident was not the exposed situation in which he was placed, but it was the careless, inattentive and improper manner in which the train from the south was brought upon him. That was the misconduct of the engineer, who was his fellow servant, engaged in the same general employment, for which no redress can be secured against his employer. As the law stands the dismissal of the complaint at the circuit was warranted and the. judgment should be affirmed.

DAVIS, P. J., concurred.

Present — DAVIS, P. J., and DANIELS, J.

Judgment affirmed.