Barnard, P. J.
The general principle is well established that a servant by accepting the employment assumes the risks and perils incident thereto. De Forrest v. Jewell, 88 N. Y., 264. This principle is to be taken in connection with a rule also well settled, that the master has done his duty in respect to his liability by furnishing safe instrumentalities with which to do the business called for by the employer and to keep the same in repair. Kane v. Smith, 89 N. Y,, 375; Pantzer v. Tilley Foster Mining Co., 99 N. Y., 368. There was no proof of negligence in respect to the construction of the cars in use upon the defendant’s road. They had no buffers other than the draw-heads. If the draw-heads were not brought together properly the coupling was dangerous; but the deceased had been in the business for some three years and knew about the risks of the employment. The service is comparatively new and the dangers of the management of the elevated road will no doubt be diminished in time, but there is nothing in the case which at present establishes that a buffer, by a different form of the platform of the car, in the opinion of a jury, would justify a verdict based upon negligence for that reason. The case of Ellis v. Erie R. R. Co. (95 N. Y., 546), holds that if a company keep buffers which will not do the work designed the master is liable. It is stated that buffers are necessary to protect the car in case of collision. In the present case there was no collision, and there is no proof of an unsafe car beyond the danger incident to coupling them. The elevated road is different from other roads, in that the curves are sharper and the exigencies of its service requires peculiar cars in some respects in consequence of this difference. The proof offered to show a failure to keep the draw-heads in repair was not proper.
The accident happened February 22, 1885. On the 30th May, 1885, a machinist found the spring under the draw-bar out of repair. There is no proof which tends to show that the accident was caused or contributed to by reason of this fact. An opinion of the machinist, if admissible, that a spring out of order May 30,1885, was out of order February 22; 1885, would be unimportant. The fact would be insufficient to sustain a verdict for negligence against the company under the evidence.
The judgment should, therefore, be affirmed, with costs.
Dykman, J., concurs,