By the Court.—Truax, J.
The plaintiff in an action of this kind must prove more than the negligence of the defendant; he must prove that he, himself, was free from negligence, before he can recover. This fact the plaintiff failed to prove ; he failed to prove that he was ignorant of the condition of the rock, the falling of which injured him.
The burden of proving his own freedom from negligence is as much a part of the plaintiff’s case as is the burden of proving the defendant’s negligence, and if he fail to prove either the one or the other, he has not proved facts sufficient to constitute a cause of action. Reynolds v. N. Y. Cen. & H. R. R. Co., 58 N. Y. 248; Hale v. Smith, 78 Ib. 480; Hart v. The Hudson Riv. Bridge Co., 84 Ib. 56 ; Becht v. Corbin, 92 Ib. 658.
The only evidence on this point is the evidence of the plaintiff himself, to the effect that he could not say whether he had or had not noticed the peculiar and dangerous condition of that portion of the roof which fell on him. This evidence does not come up to the requirements of the law; it does not prove that the plaintiff was ignorant; and in this respect the case now before *137 us differs from Pantzar v. Tilly Foster Iron Mining Co., 99 . N. Y. 368, where the evidence tended'to show, and the jury were warranted in finding, that the plaintiff was ignorant of the dangerous condition of the rock that fell on him.
If the plaintiff had testified that he was ignorant of the dangerous condition of affairs, it would then be left .for the defendant to show, first, that he was not ignor.ant; and, secondly, if ignorant, that he was negligently ignorant, in which event the plaintiff’s negligence or freedom from negligence would become a question for the jury.
The burden of proving the plaintiff’s negligence •should not in the first instance be put upon the defendant.
If the plaintiff knew of the dangerous condition of "the rock, he had no right to rely upon the presumption ■ of the performance of the duties that the defendant owed to him of “adopting proper and suitable measures of precaution to guard him against the consequence of any danger arising from the unsafe condition of the rock.” If he did not know, then he had the right to rely on the obligation put upon the defendant by the law; but he must either testify that he was ignorant, or the evidence in his own behalf must be such as would warrant the jury in finding that he was ignorant. But there is nothing in the plaintiff’s testimony in this case that would warrant the jury in finding that he was ignorant ■ of the condition of affairs.
The above is, I think, the rule to be deduced from such cases as Laning v. The N. Y. Cen. R. R. Co., 49 N. Y. 521; Gibson v. The Erie Railway Co., 63 Ib. 449; Leonard v. Collins, 70 Ib. 90 ; De Forest v. Jewett, 88 Ib. 264.
There are certain cases which it is claimed are authorities for the proposition that the burden of proving the plaintiff’s knowledge is upon the defendant. Of this «class of cases are, Niven v. The City of Rochester, 76 *138 N. Y. 619; Plank v. The N. Y. C. & H. R. R. Co., 60 Ib.. 607; Williams v. The Del., L. & W. R. R. Co., 39 Hun, 430, and Pantzar v. The Tilly Foster Iron Mining Co., supra. These cases are not authorities for such a proposition.
The Plank case is not correctly reported. See De Forest v. Jewett, 88 N. Y. 269, from which last case it-appears that the person injured as a matter of fact had no knowledge of the defect in the thing through which he was injured.
In the Niven case, while the person injured had at one time knowledge that the sidewalk was in a had condition, yet she was ignorant of the particular defect (a hole in the sidewalk) that caused her injury. Moreover, she was walking carefully.
In Palmer v. Dearing, 93 N. Y. 7, the plaintiff knew of the defect that caused her injury; but she had been told, a day or two before the accident, by the defendant’s agent, that the defect would be repaired, and at. the time of the accident she supposed that it had been repaired; in other words, she was then ignorant of the defect.
Whether the plaintiff was or was not ignorant of the' existence of the thing through which he was injured was one of the questions in dispute in Williams v. The Del., Lack. & West. R. R. Co., supra, and therefore the question of plaintiff’s contributory negligence was rightly left to the jury.
We have also seen that, in the case of Pantzar v. The Tilly Foster Iron Mining Co., supra, the evidence showed that the plaintiff was ignorant of the defect.
This view of the law renders it unnecessary for us to' consider the questions raised by the rejection of certain, evidence offered by the plaintiff, as that evidence tended, only to prove the negligence of the defendant.
The judgment appealed from is affirmed, with costs.
Sedgwick, Ch. J., and Freedman, J., concurred.