ADMINISTRATOR OF JAMES CARBINE v. BENNING-
TON & RUTLAND RAILROAD CO.

*Railroad Companies. Employe. Negligence. R. L.* ss.
3418, 3419. *No. 34 Acts of* 1872.

1. A servant who, having notice of a defective appliance, voluntarily con-
tinues in the employment, thereby ordinarily assumes the increased
danger as an incident of the service.

2. Plaintiff's intestate was killed by being knocked from the top of a coal
car by the arch of a bridge on the defendant's railroad. Plaintiff
claimed that the bridge was improperly constructed in that it was too
low. The intestate had served on the defendant's railroad as a brake-
man for seven months, and passed daily through this bridge. *Held*, that
an instruction that if the intestate knew of the defective condition of
bridge he could not recover, was correct.

3. The bridge having been built in 1862, the question is not affected by R. L.,
ss. 3418, 3419, or No. 34, Acts of 1872. And, *quere*, whether it could have
been had the bridge been constructed since 1872.

This was an action on the statute brought by the administra-
tor of James Carbine to recover for the wrongful act of the
defendant in causing his death. Plea, the general issue. Trial
by jury at the September Term, 1888, Royce, J., presiding.
Verdict for the defendant, and exceptions by the plaintiff.

The evidence of the plaintiff tended to show that the intestate
was killed by being knocked from the top of a car while passing
through a bridge, near Wallingford, on the line of the defend-
ant's road. The alleged negligence of the defendant consisted,
first, in not maintaining a bridge of sufficient height; and, sec-
ond, in not providing any means of warning the deceased of the
approach to the bridge. The evidence of the plaintiff tended to
show that the deceased had been knocked from the top of a coal
car, which is higher than an ordinary freight car, and that the
bridge was so low that a person standing on the top of such a
car would be struck while passing through it; also, that the
defendant had not provided any means whatever to warn one on
the top of the cars of the approach to the bridge. The intestate

entered the employ of the defendant in January, 1887, and was killed in August of the same year. During this time it had been the ordinary course of the intestate to pass through this bridge once every day.

The plaintiff requested the court to charge the jury that " it was the duty of the railroad company to provide some reasonable means of warning or notifying its brakemen of the approach of dangerous bridges." .

Upon this point the court charged as follows :

" If the bridge was insufficient and they were negligent in not raising it, was it the duty of the defendant to notify the plaintiff of the danger he would encounter on the last trip he made ? If it was his first trip, I should not have any doubt on the subject. If the defendant knew it was dangerous for a. brakeman to be on the top of those cars on the first trip that he made, or any subsequent trip, until he became acquainted with the bridge, I should say it was the duty of the defendant in some manner to notify him of the danger he was to encounter so he might have prevented it; but if the plaintiff knew of the danger, if he knew of the condition of the bridge and its height, and the danger he encountered in passing through it, then I should say there was no necessity of notice."

*Butler & Moloney*, for the plaintiff.

The servant is not necessarily guilty of contributory negligence because he continues his employment with knowledge of the defect. *Snow* v. *Housatonic R. R. Co.*, 8 Allen, 441; *Britton* v. *Great West Cotton Co.*, L. R., 7 Exch. 130 ; Sher. & Redf. Neg., s. 95 ; *Smith* v. *Lowell*, 6 Allen, 40 ; *Reed* v. *Northfield*, 13 Pick. 98 ; Bouv. Law Dic. Tit. " Neg.;" *Bond* v. *Smith*, 44 Hun. 219 ; *Daniels* v. *Lebanon*, 58 N. H. 284 ; *Plank* v. *N. Y. C. R. R. Co.*, 60 N. Y. 607 ; 3 Wood R., 1484 ; *Eddy* v. *Kenny*, 15 At. Rep. 198 ; *Alleghany Co.* v. *Broadwaters*, 16 At. Rep. 223 ; *Hill* v. *New Haven*, 37 Vt. 501 ; *Sessions* v. *Newport*, 23 Vt. 9 ; *Cassidy* v. *Stockbridge*, 21 Vt. 391 ; *Barber* v. *Essex*, 27 Vt. 62 ; *Vinton* v. *Schwab*, 32 Vt. 612 ; *Fas-*

*sett* v. *Roxbury*, 55 Vt. 552; *Fletcher* v. *R. R. Co.*, 1 Allen, 9 ; *Greenleaf* v. *R. R. Co.*, 29 Iowa, 14 ; *Huddleton* v. *Lowell M. Co.*, 106 Mass. 282.

The jury should have been instructed that it was the duty of the defendant to provide means of warning as to this dangerous bridge. Sher. & Redf. Neg., s. 93 ; *Vose* v. *Lancashire R. R. Co.*, 2 Hurlst. & N. 728.

An absolute duty was enjoined on the defendant as to the height of this bridge by statute. That duty it violated, and is therefore liable. R. L. ss. 3418, 3419 ; Laws of 1872, No. 34.

*J. K. Batchelder* and *Geo. E. Lawrence*, for the defendant.

This bridge was a permanent structure. The plaintiff's intestate had full knowledge of its height. By continuing in his employment he assumed whatever risk was incurred by reason of this defect. Pierce R. R. 361 ; 5 Am. & Eng. R. 610 ; 71 Mo. 164 ; *Pittsburgh & Connellsville R. R. Co.* v. *Sentemeyers' Adm.*, 5 Am. & Eng. R. 508 ; 92 Pa. 276 ; *Leary* v. *B. & A. R. R. Co.*, 139 Mass. 380 ; 22 Am. & Eng. R. 383 ; *Stafford* v. *Chicago, B. & Q. Ry. Co.*, 2 N. E. R. 185 ; *Batterson* v. *Chicago, B. & Q. Ry. Co.*, 53 Mich. 125; 8 Am. & Eng. Ry. Ca., 125 ; *Lovejoy* v. *Boston & Lowell Ry. Co.*, 28 Am. 206 ; 125 Mass. 79 ; *Gibson* v. *Erie Ry. Co.*, 2 Am. 552 ; 63 N. Y. 449 ; 13 Pa. 490 ; *Hooper* v. *Columbia & Greenwich Ry. Co.*, 21 S. C. 541.

By the exercise of reasonable care the intestate could have avoided the accident, hence he was guilty of contributory negligence. *Colorado R. R. Co.* v. *Holmes*, 8 Am. & Eng. Ry. Ca. 410 ; *Chicago, B. & Q. R. R.* v. *Johnson*, 8 Am. & Eng. Ry. Ca., 225 ; *Trow* v. *Vt. Central R. R. Co.* 24 Vt. 487 ; *Briggs* v. *Enterford*, 8 Vt. 264 ; *Hyde* v. *Jamacia*, 27 Vt. 466 ; *Hill* v. *New Haven*, 37 Vt. 507 ; *Owen* v. *N. Y. C. R. R. Co.*, 1 Lan. 108 ; *Gibson* v. *Erie R. R. Co.*, 63 N. Y., 449.

The burden of proof was not upon the defendant to show contributory negligence. *Toledo R. R. Co.* v. *Branagan*, 5 Am. & Eng. Ry. Ca., 630 ; *Behrens* v. *Ry. Co.* 8 Am. & Eng.

Ry. Ca., 184; *Chicago Ry. Co.* v. *Johnson,* 8 Am. & Eng. Ry. Ca., 225; *Chase* v. *Maine Central Ry. Co.,* 19 Am. & Eng. Ry. Ca., 336; *Bovee and wife* v. *Danville,* 53 Vt. 183; *Lucas Admr.* v. *Railroad Co.,* 27 Mass. 70; *Robinson* v. *Railroad Co.,* 73 Mass. 92; Pierce R. R., 298, 299; *Hinckley* v. *Railroad Co.,* 120 Mass. 257; *Reynolds* v. *N. Y. Ry. Co.,* 58 N. Y., 248; *Massoth* v. *D. & H. Canal Co.,* 64 N. Y. 524; *McGovern* v. *N. Y. C. Ry. Co.,* 67 N. Y. 417; *Seymour* v. *Maddox,* 16 Ad. & E., 326; Wood on Mas. & S., s. 326.

The bridge was built in 1862. The act of 1872 was repealed in 1880. The accident occurred in 1887. Hence no question arises under the act of 1872. *Sheldon* v. *Griswold,* 28 Vt. 376; *Sumner* v. *Cummings,* 23 Vt. 427.

The opinion of the court was delivered by

TAFT, J. The disposition of one question controls this case, and renders the other questions discussed immaterial. A servant assumes all ordinary risks incident to his employment. By entering upon, and continuing in his service, he is presumed to take upon himself its natural and ordinary risks and perils. Railroad managers are bound by law to provide their servants with safe and suitable roadbeds and machinery, including all appliances for the discharge of their respective duties; there is an implied contract on their part to perform this duty. No authorities contravene the rules above stated. But a servant assumes no risk caused by his employer's breach of duty, unless he has knowledge of the danger thereby caused, and voluntarily continues in the employment. If with this knowledge he does continue, the increased danger becomes an incident of the service which he assumes, and for any injury resulting therefrom the master is not liable. By the acceptance of the service and the continuance therein, the servant assumes the hazard incident to obvious and known dangers. *Gibson* v. *Erie Ry. Co.,* 63 N. Y. 449; *DeForest* v. *Jewett,* 88 N. Y. 264; *Buzzell* v. *Laconia Mfg. Co.,* 48 Me. 113; *Baylor* v. *Railroad Co.,* 30 N. J Law, 23; *B. & O. R. R. Co.* v. *Striker,* 51 Md. 47; *Devitt* v.

*Pacific Rd. Co.,* 50 Mo. 302 ; *Smith* v. *Ry. Co.,* 69 Mo. 62 ; *Caguey* v. *R. R. Co., ibid.* 416.

The plaintiff's intestate had been, at the time of his death, seven months in the employ of the defendant as a brakeman ; he was an experienced one, having acted as such for many years. The testimony tended to show that while on the top of a coal car, he was hit by a board in the arch of a bridge near Wallingford and killed ; that a person could not stand on the top of a car and ride through the bridge, the latter being too low ; that the train upon which Carbine was employed usually contained coal cars, which were higher than common ones ; that he was frequently on them, knew of their height, and had ridden on them, passed through the bridge daily, and must have known of its height and condition. The case standing in this position, the jury were told, that if Carbine knew of the defective and dangerous condition of the bridge, he could not recover ; that if he engaged as brakeman with knowledge of what his duties were, and continued as brakeman when he knew of the dangers attendant upon his remaining there, then he assumed the risks that he might incur by remaining in the defendant's employ ; that if he elected to continue in his employment after he knew of the dangerous character of the bridge, he continued at his own risk. These instructions correctly state the law as applicable to the case at bar. The plaintiff insists that " the continuance of the servant in his employment with knowledge of the defect is not necessarily a bar to his recovery." As an abstract proposition this may be correct ; there may be exceptions to the general rule, cases where a servant would have a right of recovery although he continues in service with knowledge of defects in the instrumentalities of his vocation ; he may know of a defect, but not of the hazard likely to arise from it ; he may have known of it, but had reason to believe it had been remedied ; it has been held in some jurisdictions, that if upon notice the master assures the servant that he will remove the defect, and the servant continues in the employment on such assurance, he is presumed not to have waived the defect, and may maintain an action against the mas-

ter for any injury caused by it. But whatever these cases are, they constitute exceptions to the general rule above stated. We do not say that an employe who takes a risk that imperils his safety, cannot in any case maintain an action, but we do hold that if he knowingly and deliberately assumes a risk that leads him into immediate danger, he cannot recover for injuries that arise from perils that are obvious and certain. The case at bar was not within any exception to the general rule. There is nothing in the record to show that there was any testimony tending to support a case within any exception, but the case calls for the application of the naked rule, that if the intestate continued in service with a knowledge of the dangerous character of the bridge, he did so at his peril. Having assumed the perils of his employment in respect to the bridge, the question of contributory negligence was not in the case, for if he was not guilty of it, he had no right of recovery ; the case stands exactly the same in regard to a lack or want of means warning or notifying a brakeman of the approach to the bridge ; the want of such means of warnings, or rather the perils arising therefrom, were risks he assumed by continuing in his employment. There was no error in the illustrations used by the court. The bridge was built in 1862 and there was no question in the case affected by the statute of 1872 or R. L. ss. 3418, 3419 ; and it is difficult to see how there could have been if the structure had been erected since 1872, for Carbine having assumed the perils of his employment in respect to the bridge, the negligence of the defendant in that aspect of the case became immaterial.

*Judgment affirmed. All concur.*