JOHN HARR, Respondent, *v.* N. Y. C. & H. R. R. R. Co., Appellant.

*N. Y. Court of Appeals, April* 23, 1889.

Affirming 47 Hun, 632, mem.

*Determination of jury conclusive.*—The court of appeals is bound by a jury's determination of a question of fact, upon conflicting evidence, especially where the trial judge has denied a motion for a new trial, and the general term has affirmed such order and the judgment entered upon the verdict.

2. *Questions of fact.*—The defendant's negligence and plaintiff's contributory negligence, in an action for personal injuries, are, upon conflicting evidence, questions for the jury.

POTTER, J.—This is an appeal by defendant and appellant from a judgment of the general term of the fourth department, affirming a judgment in the supreme court in favor of plaintiff, May 27, 1887, for $6,132.33, damages and costs.

The action was brought to recover damages alleged to have been sustained by the plaintiff through the negligence of the defendant on the 19th day of March, 1886, and in consequence of which plaintiff lost his right leg.

The plaintiff was in the defendant's service at the time as car coupler in its yard at East Syracuse. The yard is from three-fourths of a mile to a mile in length, and is perhaps a quarter of a mile wide, and is laid with numerous tracks to the number of ten or eleven, substantially parallel with each other, and commencing to number from south toward the north; tracks running east and west from one, which is the first track, to number eight.

The accident occurred in the space between tracks Nos. 3 and 4, which tracks were used for making up freight trains. Nos. 1 and 2 were used for passenger cars for trains running through. Near the center of the space on which these tracks were laid, or a little east thereof, was what is called a switch house and a coupler's house standing near together. The plaintiff had been in the employment of defendant as a car coupler, from some time in November previous to the occurrence of the accident. He had also been in the employment of the defendant in various capacities, such as building tracks or track to an elevator for coal, and, perhaps, otherwise, on one or two occasions in the year previous, though his employment other than that as car coupler in previous years, was performed on the easterly portion of this tract of land, covered by this railroad, and more or less remote from the place where the accident occurred. There were several causes or grounds of negligence alleged in the complaint, but upon the trial the contention was in relation to the negligence of the defendant in respect to a ditch or gutter in the space between tracks Nos. 3 and 4, and which gutter, it was alleged, was necessary to use for the purpose of draining the tract of land over which these railroad tracks were laid.

It is alleged, and attempted to be proved upon the trial, or rather there was evidence tending to, and which would perhaps, support this contention on the part of the plaintiff, that this gutter, at the bottom of it, was from four to twelve inches lower than the surface of the track or top of the ties.

He was directed, with others, by the yard-master, while he was in the coupling house, or near it, to go and remove some four cars that were standing on the track on the westerly part of track No. 4. He alleged that in consequence of holes or depressions lower than the average at the bottom of this gutter, or in consequence of the declination of the land near the track, and toward the center of this gutter, that the side of the gutter was rendered unsuitable for a firm foothold, and that while he was standing outside of the line of the cars and endeavoring to signal the engineer to suspend operations, for the reason that he had not succeeded in coupling the cars, he stepped down into a depression, or into this ditch, with his left foot, his right foot at the same time slipping from the end of the ties on which he stood, and fell, and the wheel of the car, as the engineer was still moving it, drew or caught his overalls, and drew his leg in such a position that it was injured, by the pressure, if it was not run over, by the wheels of the car.

The contention upon the trial was mainly in respect to his knowledge of these depressions and the extent and character of this gutter, as having a bearing upon the question whether he was not guilty of contributory negligence in the accident of which he complains.

The case seems to have been very thoroughly and fully tried in respect to the facts involved in the question, first, whether this gutter, with its alleged depressions, was a breach of duty of the defendant to the plaintiff to have and maintain a reasonably safe and proper place for its employees to do their work upon, and in respect to the facts bearing upon the question of the negligence of the plaintiff in contributing to the accident.

After the taking of the testimony, which is quite voluminous and given very much in detail, and with a great degree of exactness and certainty, the defendant moved for a dismissal of the complaint upon the ground that the defendant had not been shown guilty of any negligence in

constructing and maintaining the gutter in the condition it was at the time of the accident, and upon the ground that it appeared so clear or was so free from doubt that the plaintiff's negligence contributed to this result that the court should grant a dismissal of the complaint.

The motion was denied and a verdict was found for the plaintiff in the sum of $6,000.

Afterwards a motion was made for a new trial before the judge presiding at circuit, based upon the proof that the defendant was not guilty of negligence and the plaintiff was guilty of contributory negligence, and upon numerous exceptions taken to the rulings upon evidence, and more especially to exceptions taken to the charge of the judge, and to the refusals of requests to charge.

The main question, as before stated, is whether or not the plaintiff was guilty of contributory negligence, and that question largely depends upon the knowledge which plaintiff had, or ought to have had, from his opportunity for observation, in regard to the condition of this gutter.

The evidence upon the question of his knowledge depended upon his own testimony, that he did not know that there was a ditch or gutter there, or that there were lower or more depressed places in it then the general average of the bottom of the gutter, and also upon the fact that he was employed in this yard, and from the place where he had worked and performed duties in this yard, he could have seen, or had an opportunity of seeing and knowing, of the existence of this gutter and of the alleged depressions in it. There was also evidence in this same line that this space into which he slipped and fell, called the gutter, could be seen by him and others who worked upon the more eastern part of the yard, and that he had occasion to pass in a car and upon foot along the track or tracks which lay next to this gutter.

The accident occurred in the night time when the plaintiff had a lantern to assist him. There was also evidence

given to the effect that occasionally ashes had been placed in this space between the tracks three and four, and had been removed at times and replenished at this point; that there had been snow upon this same space as it fell, and was thrown from track No. 3 into the space, and at the time of the accident there was more or less snow in that space, which had melted and formed water, standing between the two tracks, Nos. 3 and 4.

I think the court fairly presented, in his charge upon the evidence, the question of the negligence of the defendant, or the alleged negligence of the defendant, in respect to the existence and condition of this space between tracks three and four at the time of the accident, and fairly left it to the jury, on all the evidence in the case, to determine whether or not the condition of the gutter at the time of the accident was a violation of the duty of an employer to afford to his employee, or its employees, a reasonably safe and proper place to perform the duties which they were employed to do. I also think that the charge of the judge, in respect to the question of contributory negligence and the knowledge of the plaintiff, as an element of contributory negligence, of the condition of the gutter, were fairly left to the jury. I think the court went further than the court went in the De Forest Case (88 N. Y. 264). In that case, it was held that if plaintiff had present knowledge of the existence of the danger, and undertook to perform his work with that knowledge, in a dangerous place, that his knowledge would be regarded as furnishing evidence of contributory negligence.

In this case the judge was careful not to employ " present knowledge," but, on the contrary, charged the jury in a manner to imply, if he had obtained knowledge of this dangerous place when he worked there the former year, then that knowledge might suffice to establish contributory negligence. At all events there was no distinction made in relation to former or present knowledge, but the case

was tried and presented to the jury on the theory that if he had knowledge of the danger of this place, whenever and however he obtained his knowledge, that would form an element, and perhaps a controlling element, in determining the question of whether or not he was guilty of contributory negligence. The evidence was certainly conflicting in regard to the character of this gutter and its condition, whether dangerous or not. It was more conflicting still in respect to the question of knowledge of the plaintiff of its dangerous condition.

It is true that the evidence, aside from plaintiff's own evidence, was circumstantial in regard to his having knowledge. It was proved that he had been employed about this yard, not only from November preceding the accident, but also in the former year in which he had or might have had opportunity to know of the condition of this gutter.

The plaintiff swore that he did not know there was a gutter, and that he did not know that there was any depressions or places, some of which were lower than others, in this space between tracks 3 and 4.

It also appeared that he admitted, immediately after the happening of the accident, to the witness Sherman, called by the defendant, that he knew of the condition of the place where the accident happened. Yet all this evidence was submitted to the jury under a careful charge of the judge, and the jury must have decided that the plaintiff did not know of the condition of things at the place where the accident happened, and, therefore, in that respect, was not guilty of contributory negligence. In short, I have read the brief of counsel, the charge of the court, the requests to charge and exceptions taken, and I think the case was fairly, clearly and plainly presented to the jury upon the evidence. Although I might, perhaps, as a juror, have reached a different conclusion in respect to the plaintiff's knowledge, yet as it was a question of fact in regard to which evidence was conflicting, I am constrained to respect

the conclusion of the jury found upon the conflicting evidence and that this court is bound by the jury's determination of this question of fact. I do not see, after a careful examination of this case, any error, or how the jury could have been misled from the issues in this case, which, as I said before, were presented with great distinctness and clearness by the judge.

That so far as the defendant has any reason to complain of the charge, or the disposition of the court of the requests. to charge, I do not think there is any ground of complaint. If the charge and the requests to charge were not entirely accurate in all cases, they were so to the disadvantage of plaintiff rather than to the disadvantage of the defendant, and while the evidence does not preponderate so largely in favor of the plaintiff as to entirely satisfy this court, especially in respect to his knowledge of the condition of the gutter, yet I think it a case, within that numerous class of cases, where the court is constrained to affirm the judgment. I do not see how we can otherwise dispose of this case, except that we ourselves take the place of jurors and undertake to determine the question of fact. That, of course, cannot be done, and ought not to be done. The triers of questions of facts see the witnesses, hear all the evidence, and when the questions of facts are distinctly presented to them, their finding must, in the nature of things, as well as the structure of courts and the province of courts. and juries, be conclusive.

There is this further assurance in this case, that the findings of the jury were supported by sufficient evidence, in the fact that a motion was made before the judge who tried the case, who heard all the evidence, who saw all the witnesses and had an opportunity for more complete and perfect knowledge of the whole case than it is possible an appellate court upon a paper statement of the evidence could have of a case. Not only that, but in this case the general term seems to have examined every ruling of the

judge, all the exceptions that were taken upon the trial, either in respect to evidence or charge, or requests to charge, and has applied the rules which have been laid down in the great number of cases of this character involving the liability of railroad companies to their employees, and has failed to see where this verdict may not be sustained by an appellate court when the prirciples thus laid down by the court in this class of cases are applied to the facts and evidence in this case.

The general term, in a very neat, clear opinion, with the citation of various authorities bearing on the questions involved in this case, as they have arisen and been determined in other cases, has determined that within all the rules laid down in those cases the judgment in this case should be affirmed.

Our conclusion, therefore, is that the judgment should be affirmed, with costs.

All concur, except FOLLETT, Ch. J., not sitting.