### PLUNKETT *v.* DONOVAN *et al.*

*(City Court of Brooklyn, General Term.* January 26, 1891.)

INJURIES TO EMPLOYE—DEFECTIVE MACHINERY—APPARENT RISKS.
    The employer is not liable for injuries received by an employe, when he voluntarily assumes the open and apparent risks of defective machinery.

Appeal from trial term.

Action by Thomas Plunkett against Florence Donovan and Michael Lane. Judgment for plaintiff, and defendants appeal.

Argued before CLEMENT, C. J., and VAN WYCK, J.

*A. G. McDonald,* for appellants.  *J. A. Wernbey,* for respondent.

CLEMENT, C. J. The plaintiff was in the employ of defendants, who are manufacturers of shoes, and on the 25th day of November, 1889, while at work on a machine used for splitting leather, was injured. The learned judge who tried the case submitted to the jury three questions as to the negligence of the defendants: (1) Whether it was carelessness not to furnish a guard to the machine; (2) whether the springs were weak; and (3) whether the defendants were negligent or not, from the fact that the machine was not fastened to the floor. The counsel for defendants asked the court to charge the ury to disregard the absence of the guard as tending to show any negligence

by the defendants, which request was refused. The counsel also excepted to the submission to the jury of the question whether the plaintiff did not assume the absence of the guard, as one of the risks of his employment. We think that the court erred in submitting to the jury any question in relation to the guard. The rule applicable to this case is laid down in *Gibson* v. *Railway Co.*, 63 N. Y. 449, 453: "If the defects in the machinery or other appliances are as well known to the servant as to the master, the servant must be regarded as voluntarily incurring the risks resulting from its use, unless the master, by urging on the servant or coercing him into danger, or some other way, directly contributes to the injury." See, also, *De Forest* v. *Jewett*, 88 N. Y. 264; *Sweeney* v. *Envelope Co.*, 101 N. Y. 520, 5 N. E. Rep. 358. The plaintiff knew that there was no guard, and had worked on similar machines for 10 years. There were two rollers, and a knife between them, open and visible, and the object of the guard was to prevent injury to the hands of the employe. The machine was a very simple one, and could be understood by a skilled laborer without instruction. The risk of the absence of the guard was open and apparent. It is not necessary to consider the other questions in the case, in view of our conclusion on the point stated. The judgment and order denying a new trial must be reversed, and a new trial granted, costs to abide the event.

VAN WYCK, J., concurs.