### BOND v. SMITH et al.

*(City Court of Brooklyn, General Term. June 22, 1891.)*

MASTER AND SERVANT—DANGEROUS MACHINERY.

     A servant who is injured while operating a machine which he had used for six weeks, a sufficient time to acquire knowledge of its management, and the dangers of the machine are apparent, cannot recover from the master on the ground that the machine should have been provided with a guard.

Appeal from trial term.

Action by William L. Bond against Edward C. Smith and others. From a judgment for defendants, plaintiff appeals.

Argued before CLEMENT, C. J., and OSBORNE, J.

*Magner & Hughes,* for appellant. *A. T. Payne,* for respondents.

CLEMENT, C. J. This action was brought to recover damages for injuries sustained by the plaintiff while in the employ of the defendants. The plaintiff was at work at the time on a machine called a "jointer." The machine contained a cylinder on which were two knives; which revolved at the rate of 4,000 times per minute. The table consisted of two iron plates, with a space of two inches between them, where the cylinder and knives were. There are other details about the machine which need not be described. The plaintiff had worked on the machine for six weeks prior to his injury, and in that time had full opportunity to acquire a knowledge of its management. Whether he was properly instructed in the beginning is immaterial. The machine was simple and easily understood. It was not necessary to instruct him to be careful not to allow his hands to touch the knives when in motion. The plaintiff says that he attempted to plane a board with a knot next the knives; that, as the knot struck them, it came out; in that way his hand was thrown off the board, and came in contact with the knives. It is claimed by the counsel for the appellant that a board could be and ordinarily was used to cover the knives. The question is presented whether, conceding that a guard can be used on a dangerous machine, it is necessary for the master to provide one, or, if he fails to do so, be deemed negligent. This point has recently been decided by the general term of this court, (*Plunkett* v. *Donovan,* 12 N. Y. Supp. 454;) and we have discovered no authority or reason why our views should be changed. The case of *Sweeney* v. *Envelope Co.,* 101 N. Y. 520, 5 N. E. Rep. 358, is directly in point. The employe assumes the risk of a machine, provided its dangers are open and apparent. See, also, *Hickey* v. *Taaffe,* 105 N. Y. 26, 12 N. E. Rep. 286. The case cited by the appellant (*McGovern* v. *Railroad Co.,* 123 N. Y. 280, 25 N. E. Rep. 373) is in point as to the duty of the master to provide a place reasonably safe for the servant in the performance of his work. It is not in point on the question of the duty of the master in providing safeguards on dangerous machines. The *McGovern Case* has been distinguished by the court of appeals in *Cullen* v. *Norton,* 26 N. E. Rep. 905. The defects in the bed of the machine were trivial, as it appears to have been in the ordinary and usual condition after use. Such defects in no way caused the injury to plaintiff. It is conceded that the plaintiff knew that there was a knot in the board before it touched the knives, and must have had some prior knowledge that a knot might come out as the board passed over the machine. Judgment affirmed, with costs.